IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv31

| | |
|---|---|
| DANIELLE HATTEN MORGAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHILDRENS HOME SOCIETY OF ) <br> NORTH CAROLINA, INC. a North ) <br> Carolina nonprofit corporation and ) <br> surviving corporation in a merger with ) <br> Lifegains, Inc., a North Carolina nonprofit ) <br> corporation, CALDWELL COUNTY ) <br> DEPARTMENT OF SOCIAL SERVICES, ) <br> TRANSYLVANIA COUNTY ) <br> DEPARTMENT OF SOCIAL SERVICES, ) <br> JOYCE EDWARDS, in her individual ) <br> capacity and as director of Caldwell ) <br> County Department of Social Services, ) <br> CARSON GRIFFIN in his individual ) <br> capacity and as director of Transylvania ) <br> County Department of Social Services, ) <br> DOROTHY HARRIS (a.k.a. Dottie Harris) ) <br> in her individual capacity and as an ) <br> employee of Transylvania County ) <br> Department of Social Services, LOUISE ) <br> KOONTZ, in her individual capacity and ) <br> as an employee of Transylvania County ) <br> Department of Social Services, ) <br> UNKNOWN EMPLOYEE OF ) <br> CALDWELL DSS, in her individual ) <br> capacity and as an employee of ) <br> Transylvania County Department of Social ) <br> Services, RODGER J. MORGAN, ) <br> REBECCA MORGAN and CITY OF ) <br> LENIOR POLICE DEPARTMENT, ) <br> JOSEPH REYNOLDS (aka Joey ) <br> Reynolds) in his individual capacity and as ) <br> chief of the City of Lenoir City Police ) <br> Department, ) <br> ) <br> Defendants. ) <br> _____ | **ORDER** |

Pending before the Court is Plaintiff's Motion to Substitute Party [# 31]. Plaintiff moves pursuant to Rule 25(c) to substitute non-party The City of Lenoir for Defendant The Lenoir Police Department. In short, Plaintiff acknowledges that it sued the wrong party and moves pursuant to Rule 25 to substitute the real party in interest. The Court **DENIES** Plaintiff's motion [# 31].[1]

**I.   Analysis**

Rule 25 provides for the substitution of parties upon the death or incompetency of a party, the party transfers his or her interest in the action, or upon the change of a public officer. Fed. R. Civ. P. 25; see also 7C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1951 (3d. ed. 2007). "Rule 25 . . . is inapplicable if a change of parties is desired for some reason other than one of the four circumstances to which the rule is addressed." 7C Wright, Miller, Kane & Marcus, supra, § 1951; see also 20 Charles Alan Wright & Mary Kay Kane, Federal Practice Deskbook § 82 (2002). Where Rule 25 is not applicable, the party seeking a change of parties must look to Rule 15 (amendment), Rule 21 (misjoinder or nonjoinder), or Rule 24 (intervention). 20 Wright & Kane, supra, § 82.

Rule 25 is not applicable to the situation presented by Plaintiff. Plaintiff seeks to substitute parties because she sued the wrong governmental entity. There has been no death or incompetency of a party, no transfer of interest, and no change in public office that would warrant the application of Rule 25. Accordingly, the Court **DENIES** Plaintiff's motion.

---

[1] The Court notes that Plaintiff failed to comply with the Court's Local Rules, which require a party to either file a reply brief or notify "the Court and opposing counsel promptly in an electronically filed notice" that the party does not intend to file a reply brief. LCvR 7.1(E). Plaintiff neither filed a reply brief in support of the motion nor filed an electronic notice of her intention not to file a reply. In addition, Plaintiff failed to comply with Local Rule 7.1(B), which requires the party filing a motion to certify that she has conferred with opposing counsel and attempted in good faith to resolve the dispute prior to filing the motion. Going forward, the Court would recommend that counsel consult the Court's Local Rules or the Federal Rules of Civil Procedure.

2

## II.	Conclusion

The Court **DENIES** Plaintiff's Motion to Substitute Party [# 31].

Signed: June 23, 2011

Dennis L. Howell
United States Magistrate Judge