# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:11cv31

| | | |
|---|---|---|
| **DANIELLE HATTEN MORGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| **CHILDRENS HOME SOCIETY OF** | ) | |
| **NORTH CAROLINA, INC. a North** | ) | |
| **Carolina nonprofit corporation and** | ) | |
| **surviving corporation in a merger** | ) | |
| **with Lifegains, Inc., a North** | ) | |
| **Carolina nonprofit corporation, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| **_____** | ) | |

Pending before the Court are two Motion to Dismiss filed by Defendant
Children's Home Society of North Carolina [# 63] and Defendants Caldwell
County Department of Social Services, Transylvania County Department of Social
Services, Joyce Edwards, Carson Griffin, Dorothy Harris, Louise Koontz, Rodger
Morgan, and Rebecca Morgan [# 61]. Plaintiff brought this action asserting
sixteen separate causes of action against Defendants. All of the claims stem from
Plaintiff's placement in a foster care home where Plaintiff was allegedly sexually
abused by one of her foster parents. Defendants move to dismiss all the claims in

the Amended Complaint.  The Court **RECOMMENDS** that the District Court grant the motions [# 61 & # 63] and dismiss the Amended Complaint in its entirety.

## I.    Background

On June 14, 2005, Plaintiff, who was fifteen years old at the time, was placed in the temporary legal custody of Defendant Transylvania County Department of Social Services ("Transylvania County DSS") .  (Pl.'s Am. Compl. ¶ 25.)  Defendant Carson Griffin was the County Director of Transylvania County DSS at all times relevant to this dispute.  (Id. ¶ 5.)  Transylvania County DSS assigned Defendants Dorothy Harris and Louise Koontz as Plaintiff's case workers.  (Id. ¶ 26.)

Approximately three month later, Defendant Harris placed Plaintiff in a foster home through Defendant Children's Home Society of North Carolina, Inc., the successor corporation to Lifegains, Inc. (Id. ¶¶ 2, 27.)  Defendant Caldwell County Department of Social Services ("Caldwell County DSS") contracted with Lifegains, Inc. to manage, recruit, train, and screen foster parents in order to place children in foster homes in Caldwell County.  (Id. ¶ 29.)  Plaintiff was placed in the foster home of Defendants Rodger and Rebecca Morgan from September 2005 through March 2006.  (Id. ¶ 28.)

Plaintiff contends that she was sexually molested by Defendant Rodger Morgan on several occasions between October 2005 and January 2006 while living in this foster home. (Id. ¶¶ 38-39, 48-51.) In addition, Plaintiff alleges that Defendant Rebecca Morgan was aware of the sexual abuse. (Id. ¶ 54.) In March 2006, Defendant Harris removed Plaintiff from the foster home. (Id. ¶ 53.)

On July 18, 2006, Plaintiff's estranged father, Gregory A. Hatten, submitted an application to the Clerk for the Superior Court of Transylvania County to be appointed as Plaintiff's guardian ad litem. (Id. ¶ 17.) That same day the Clerk entered an Order appointing Mr. Hatten as guardian ad litem for Plaintiff. (Id.) Mr. Hatten then filed a complaint in the Superior Court of Transylvania County on behalf of Plaintiff asserting numerous claims against Defendants Morgan, Transylvania County DSS, Koontz, Harris, and Griffin. (Id. ¶ 18; Compl. in Hatten v. Koontz, 1:06cv235.) The factual allegations asserted in Hatten v. Koontz, 1:06cv235, are substantially similar to the claims asserted by Plaintiff in the Amended Complaint and stem from the same allegations of sexual abuse of Plaintiff by Defendant Rodger Morgan. The Complaint was then removed to this Court. (Pl.'s Am. Compl. ¶ 18.)

After conducting a hearing and determining that a conflict of interest may exist where the guardian ad litem is also a plaintiff, the Court searched for a

replacement guardian ad litem for Plaintiff.  (Order in 1:06cv235, Jul. 16, 2007.)
The Court then entered an Order appointing P. Michelle Rippon, Esq. as guardian
ad litem for Plaintiff.  (Id.)  Approximately one month later, the Court signed a
Stipulation and Order of Dismissal whereby the parties agreed to dismiss the
claims asserted by Mr. Hatten with prejudice and dismiss the claims asserted by
Plaintiff through her guardian ad litem without prejudice.  (Order in 1:06cv235,
Aug. 17, 2007.)  In addition, the Order stated that the dismissal "shall not be
considered a 'first dismissal' of this action, thus not requiring [Plaintiff's]
prepayment of any of defendants costs prior to refiling."  (Id.)

Over three years later on February 10, 2011, Plaintiff brought the instant
action against Defendants.  Subsequently, Plaintiff filed an Amended Complaint,
which Defendants moved to dismiss in its entirety.  Defendants' motions are now
properly before the Court.

## II.    Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the
complaint states a plausible claim for relief.  See Francis v. Giacomelli, 588 F.3d
186, 189 (4th Cir. 2009).  In considering a defendant's motion to dismiss, the
Court accepts the allegations in the complaint as true and construes them in the
light most favorable to plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com,

Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal,

556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

## III.    Analysis

North Carolina's three year personal injury statute of limitations governs Plaintiff's federal Section 1983 claims. See Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094 (2007); Love v. Alamance Cnty. Bd. of Educ., 757 F.2d 1504, 1506 (4th Cir. 1985); N.C. Gen. Stat. § 1-52. Plaintiff's state law claims are also subject to a three year limitations period. See N.C. Gen. Stat. § 1-52; Waddle v. Sparks, 414 S.E.2d 22, 28-29 (N.C. 1992); White v. Consolidated Planning, Inc., 603 S.E.2d 147, 164 (N.C. Ct. App. 2004); Beck v. City of Durham, 573 S.E.2d 183, 188-89 (N.C. Ct. App. 2002).

As a general rule, the statute of limitations in North Carolina does not begin to run against a minor child until she turns eighteen years old. N.C. Gen. Stat. § 1-17(a); see also Genesco, Inc. v. Cone Mills Corp., 604 F.2d 281, 284 (4th Cir. 1979) (applying North Carolina law). An exception to this general rule, however,

exists where the minor child is represented by a guardian ad litem. <u>Genesco</u>, 604

F.2d at 284.   As the North Carolina Supreme Court explained in <u>Rowland v.</u>

<u>Beauchamp</u>, 115 S.E.2d 720 (N.C. 1960):

> In North Carolina, contrary it seems to the general rule in most jurisdictions, the rule . . . is that the statute of limitations runs against an infant as to all rights of actions, which the guardian might bring and which it was incumbent on him to bring, in so far as may be consistent with the limitations of his office.

116 S.E.2d at 722 (internal quotation and citation omitted).  Thus, where a cause of

action accrues while a minor has no guardian,  the statute of limitation runs from

the earlier of the appointment of a guardian ad litem or the removal of the age of

disability provided by N.C. Gen. Stat. 1-17.  <u>Lane v. Aetna Cas. & Sur. Co.</u>, 269

S.E.2d 711, 714 (N.C. Ct. App. 1980); <u>see</u> <u>also</u> <u>Fox v. Health Force, Inc.</u>, 547

S.E.2d 83, 87 (N.C. Ct. App. 2001) ("Once her guardian was appointed to

represent her interests, the limitation period began to run from the time of the

appointment."); <u>Jefferys v. Tolin</u>, 368 S.E.2d 201, 202 (N.C. Ct. App. 1988)

("Where a guardian ad litem is appointed for a minor, the limitation period begins

to run from the time fo the appointment.").  The rationale for this exception "is that

since an infant represented by a guardian has the capacity, despite his infancy, to

bring suit through his guardian, there is no need to suspend the running of the

statute of limitations" <u>Genesco</u>, 604 F.2d at 285.

Gregory Hatten was duly appointed guardian ad litem by the Superior Court of Transylvania County on July 18, 2006, in order to bring an action on Plaintiff's behalf for the personal injuries she sustained as a result of the alleged sexual abuse by Defendant Rodger Morgan. As a result of his appointment as guardian ad litem, the statute of limitations began running on Plaintiff's claims on July 18, 2006. See Beauchamp, 116 S.E.2d at 722-23; Fox, 547 S.E.2d at 87; Jefferys, 368 S.E.2d at 202. "'When the statute [of limitations] begins to run, it continues to run.'" Beauchamp, 116 S.E.2d at 723 (quoting Frederick v. Williams, 9 S.E. 298 (1889)). Accordingly, Plaintiff had three years from the appointment of Gregory Hatten as guardian ad litem to prosecute this suit. Because Plaintiff waited until February 10, 2011, to bring this action, her claims are barred by the applicable three year statutes of limitations.

Moreover, even assuming that the appointment of Gregory Hatten as guardian ad litem was somehow legally ineffectual, the appointment of Ms. Rippon as guardian ad litem by Court Order on July 16, 2007, would have begun the running of the statute of limitations. Plaintiff, however, did not file this action within three years of the appointment of Ms. Ripon as guardian ad litem.[1]

---

[1] Plaintiff's contention that the dismissal of the first action reset the statutes of limitations in this case is without merit. The cases Plaintiff relies upon all arise out of the application of the tolling rules for Puerto Rico, which are based on the Spanish civil law and provide that the statute of limitations is reset and starts to run anew from the date that an action

Finally, the parties' stipulation of dismissal of the first action and the Court's subsequent Order did not toll the running of the statutes of limitations; rather, it allowed Plaintiff to dismiss the first action and file a subsequent action without having to pay all or part of the costs of the previous action pursuant to Rule 41(d) of the Federal Rules of Civil Procedure. Plaintiff, or her guardian ad litem, was still obligated to bring suit within three years of the appointment of the guardian ad litem or be precluded by the statutes of limitations from pursuing these claims. Because all of Plaintiff's claims are barred by the applicable three year statutes of limitations, the Court **RECOMMENDS** that the District Court **GRANT** the Motions to Dismiss [# 61 & # 63].

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motions to Dismiss [# 61 & # 63] and dismiss the Amended Complaint.

Signed: January 18, 2012

Dennis L. Howell
United States Magistrate Judge

---

is dismissed without prejudice. See Rodriquez v. Suzuki Mot. Corp., 570 F.3d 402, 407-8 (1st Cir. 2009); Feliciano v. P.R., 688 F. Supp. 2d 41, 44-45 (D.P.R. 2009). No such tolling rule is applicable in North Carolina, and dismissal of the first action did not reset the statutes of limitations.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code,

Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same.

**Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984).